IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIG LAGOON RANCHERIA, a Federally Recognized Indian Tribe,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>            Defendant.                      / | No. 09-01471 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY OR, IN THE ALTERNATIVE, TO CONTINUE DISPOSITIVE MOTION DATES<br>(Docket No. 50) |

    Pursuant to the Indian Gaming Regulatory Act (IGRA), Plaintiff Big Lagoon Rancheria seeks an order finding that Defendant State of California has failed to negotiate in good faith toward the formation of a tribal-State compact for class III gaming.  The State moves to stay all proceedings in this action, except for discovery, pending a determination by the Bureau of Indian Affairs (BIA) as to whether Big Lagoon was under federal jurisdiction in 1934.  The State contends that one of its affirmative defenses to Big Lagoon's action turns on the BIA's decision.  In the alternative, the State asks the Court to continue the dispositive motion filing and hearing date by at least six months.  Big Lagoon opposes the motion.  Having considered the papers submitted by the

parties, the Court DENIES the State's Motion to Stay.

## BACKGROUND

Because the Court's Order denying the State's motion for judgment on the pleadings provides details on the parties' dispute, they will not be repeated in full here. In sum, Big Lagoon and the State have engaged in negotiations over forming a tribal-State compact regarding gaming on Big Lagoon's lands. The parties have not yet executed a compact. In April, 2009, Big Lagoon filed the present lawsuit, claiming that the State has not negotiated in good faith and seeking an order compelling the State to do so.

The State contends that the United States Supreme Court's February, 2009 decision in <u>Carcieri v. Salazar</u>, 129 S. Ct. 1058 (2009), is relevant to this case. In <u>Carcieri</u>, the Court concluded that the Indian Relocation Act (IRA) authorizes the Secretary of the Interior to acquire land in trust for a tribe only if the tribe was "under the federal jurisdiction of the United States when the IRA was enacted in 1934." 129 S. Ct. at 1068. Currently, the BIA is conducting a review, pursuant to <u>Carcieri</u>, to determine whether Big Lagoon was such a tribe.[1]

The State seeks a stay pending this determination, asserting that the BIA's decision is central to its affirmative defense that:

>  Big Lagoon is not entitled to injunctive relief

---

[1] The BIA initiated its review based on an October, 2009 decision by its Pacific Regional Director to acquire 5.01 acres of land in trust for Big Lagoon. Governor Schwarzenegger and the California Coastal Commission appealed the decision to the Interior Board of Indian Appeals, asserting that the Regional Director failed to apply <u>Carcieri</u>. Thereafter, the matter was remanded to the Regional Director to determine Big Lagoon's status.

2

>compelling Governor Arnold Schwarzenegger to negotiate a Compact authorizing class III gaming on land taken in trust for the Rancheria subsequent to October 17, 1988, because Big Lagoon is not eligible to be a beneficiary of a trust conveyance pursuant to 25 U.S.C. § 465 and, thus, was never entitled to a beneficial interest in that land.

Answer at 5.  Because Big Lagoon may not have been a proper beneficiary, the State maintains that it was not in the public interest to negotiate with Big Lagoon and, therefore, it did not lack good faith.  A court may consider the public interest when determining whether a state negotiated in good faith.  See 25 U.S.C. § 2710(d)(7)(B)(iii)(I).  The State further argues that, because it acted in good faith, it should not be compelled to conclude a tribal-State compact with Big Lagoon.

In December, 2009, the State served subpoenas duces tecum on the BIA, requesting documents that would support the above-mentioned affirmative defense.  Because the BIA had not yet answered the subpoenas by the fact discovery cut-off date set by the Court's Case Management Order, the State moved to extend the fact discovery deadline.  Magistrate Judge Joseph C. Spero granted the State's motion and continued the deadline to May 31, 2010.  (Docket No. 60.)

Pursuant to the parties' stipulation, this Court continued the hearing on case-dispositive motions to August 12, 2010 at 2:00 p.m.  Big Lagoon's dispositive motion is currently due June 17, 2010.  The State's opposition and cross-motion, if any, is due July 1, 2010.

## DISCUSSION

It is well-established that "the power to stay proceedings is

3

1 incidental to the power inherent in every court to control the
2 disposition of the cases on its docket with economy of time, effort
3 for itself, for counsel, and for litigants." <u>Landis v. North Am.</u>
4 <u>Co.</u>, 299 U.S. 248, 254 (1936); <u>see also</u> <u>Ethicon, Inc. v. Quigg</u>, 849
5 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to
6 manage their dockets and stay proceedings.")  As the Ninth Circuit
7 instructs,

> A trial court may, with propriety, find it is efficient
> for its own docket and the fairest course for the
> parties to enter a stay of an action before it, pending
> resolution of independent proceedings which bear upon
> the case.  This rule applies whether the separate
> proceedings are judicial, administrative, or arbitral in
> character, and does not require that the issues in such
> proceedings are necessarily controlling of the action
> before the court.

<u>Leyva v. Certified Grocers of Cal., Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979).

In determining whether to grant a stay, courts generally consider the following competing interests: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).

The State's primary argument is that this action must be stayed because its outcome could be impacted by the BIA's decision as to whether Big Lagoon was a tribe under federal jurisdiction in 1934.  As the State notes, the public interest is one of many factors that IGRA allows a court to consider in determining whether

4

a state has negotiated in good faith.  See 25 U.S.C. § 2710(d)(7)(B)(iii)(I).  Thus, the BIA's decision, which arguably implicates the public interest, does not control the outcome of this case.  A stay pending the BIA's decision, therefore, is not required.

With regard to the State's alternative motion to continue the dispositive motion filing and hearing dates by six months, the Court does not find good cause to do so.  The State asserts that the BIA's failure to respond to the subpoenas constitutes good cause.  The State further maintains that "Carcieri is a new decision" and it is asserting a "a new affirmative defense" for which it did not conduct prior discovery.  Pl.'s Mem. of P & A in Support of Mot. at 8.  However, Carcieri was decided February 24, 2009, more than a month before Big Lagoon filed its action.  The State did not serve the subpoenas on the BIA until December, 2009.  Based on these facts, it does not appear that the State was reasonably diligent in seeking discovery from the BIA; this undermines the State's assertion that good cause supports its request.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).  Moreover, the BIA may respond to the subpoenas in advance of July 1, the deadline for the State's opposition and cross-motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES the State's Motion to Stay Proceedings and its alternative request to continue the dispositive motion filing and hearing dates for at least six months.  (Docket No. 50.)  As noted above, Big Lagoon's dispositive

5

motion is currently due June 17, 2010; the State's opposition and any cross-motion, contained in a single brief, are due July 1, 2010; Big Lagoon's reply and cross-opposition, contained in a single brief, are due July 15, 2010; and the State's reply on its cross-motion is due July 22, 2010. A hearing on the dispositive motions and a case management conference are scheduled for August 12, 2010 at 2:00 p.m.

    IT IS SO ORDERED.

Dated: April 16, 2010

CLAUDIA WILKEN
United States District Judge

6