IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>BIG LAGOON RANCHERIA, a Federally<br>Recognized Indian Tribe,</td><td>No. 09-01471 CW</td></tr>
<tr><td>        Plaintiff,</td><td>ORDER GRANTING<br>DEFENDANT'S<br>MOTION FOR LEAVE</td></tr>
<tr><td>   v.</td><td>TO FILE A MOTION<br>FOR</td></tr>
<tr><td>STATE OF CALIFORNIA,</td><td>RECONSIDERATION<br>(Docket No. 76)</td></tr>
<tr><td>        Defendant.<br>_____/</td><td></td></tr>
</table>

On April 1, 2010, Defendant State of California filed objections to Magistrate Judge Joseph C. Spero's Order Denying Defendant's Motion for a Protective Order.  These objections were deemed denied on April 13, 2010.  The State now seeks leave to file a motion to reconsider the denial of its objections, asserting that Judge Spero's Order is contrary to the Ninth Circuit's decision in Rincon Band of Luiseno Mission Indians v. Schwarzenegger, 602 F.3d 1019 (9th Cir. 2010), which issued on April 20, 2010.  Under Civil L.R. 7-9(b)(2), a party may ask a court to reconsider an interlocutory decision if the party can show the "emergence of . . . a change of law occurring after the time of such order."

Under the Indian Gaming Regulatory Act (IGRA), an Indian tribe may conduct class III gaming only if it has entered into a compact with its home state.  Rincon, 602 F.3d at 1027.  IGRA requires states to participate in negotiations for such compacts in good faith.  Id.  In Rincon, the State argued that it had negotiated in good faith because "it genuinely believed its revenue sharing

1  demands were authorized by [In re Indian Gaming Related Cases, 331

2  F.3d 1094 (9th Cir. 2003)], approved by the Department of the

3  Interior, and fair because other tribes had accepted them." Id. at

4  1041.  The Ninth Circuit rejected this argument, stating,

> IGRA does not provide express guidance about whether good
> faith is to be evaluated objectively or subjectively.
> However, we are influenced by the factors outlined in
> § 2710(d)(7)(B)(iii), which lend themselves to objective
> analysis and make no mention of unreasonable beliefs.
> Further, the structure and content of § 2710(d) make
> clear that the function of the good faith requirement and
> judicial remedy is to permit the tribe to process gaming
> arrangements on an expedited basis, not to embroil the
> parties in litigation over their subjective motivations.
> We therefore hold that good faith should be evaluated
> objectively based on the record of negotiations, and that
> a state's subjective belief in the legality of its
> requests is not sufficient to rebut the inference of bad
> faith created by objectively improper demands.

13  Id.  The court did not address directly the scope of discovery

14  under IGRA, but noted,

> Interestingly, on the question of the scope of discovery
> permissible in IGRA negotiations, the State has taken the
> position that good faith should be proved based on the
> objective course of negotiations.  See also Fort
> Independence Indian Cmty. v. California, No. Civ.
> S-08-432, 2009 WL 1283146, at *3 (E.D. Cal. May 7, 2009)
> (agreeing with the State that good faith should be based
> on objective factors).  The State cannot have it both
> ways.  If the State wants to avoid discovery and limit
> review of good faith to the official record of
> negotiations, the State cannot defend itself on the good
> faith question by claiming its objectively improper
> demands were made with an innocent intent.

22  Id. at 1041 n.25.

23    In this action, the State sought a protective order to prevent

24  discovery of documents, which Big Lagoon explained "would show, or

25  lead to the discovery of admissible evidence regarding, the

26  underlying state of mind and motives of the State during this

27  attenuated history of negotiations."  Docket No. 37, at 3-4.  The

28
                                    2

State sought a protective order to limit discovery to "1) the parties' proposals; 2) 'judicially noticeable information' and 3) evidence related to the State's affirmative defenses." Order of March 19, 2010, at 6 (quoting the State's Reply at 3). Magistrate Judge Spero rejected the State's position, stating that there was no binding authority to restrict discovery in the manner asserted by the State. Judge Spero explained,

> On balance, the Court is persuaded by the NRLA cases and the Ninth Circuit's recognition in [In re Indian Gaming Related Cases], that the good faith determination is one that takes into account all of the facts and circumstances, not just the bare "record" of negotiations between the parties.

Order of March 19, 2010, at 13-14.

Rincon appears to be intervening legal authority that may restrict the scope of what is relevant in assessing whether a state has negotiated in good faith. Accordingly, the Court GRANTS the State leave to file a motion for reconsideration. (Docket No. 76.) The State's brief filed in support of its motion for leave is deemed its motion for reconsideration. Within three days of the date of this Order, Big Lagoon shall file a brief in opposition. The State's reply shall be due three days thereafter. The Court remands the motion to Magistrate Judge Spero to consider the impact of Rincon on his prior decision. Judge Spero may set a hearing on the motion or decide it on the papers.

IT IS SO ORDERED.

Dated: June 8, 2010

CLAUDIA WILKEN
United States District Judge

3