IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BIG LAGOON RANCHERIA, a Federally Recognized Indian Tribe,

    Plaintiff,

 v.

STATE OF CALIFORNIA,

    Defendant.

No. 09-01471 CW

ORDER DENYING DEFENDANT'S MOTION TO STAY COURT'S NOVEMBER 22, 2010 ORDER PENDING APPEAL (Docket No. 102)

Defendant State of California moves to stay the Court's November 22, 2010 Order. Plaintiff Big Lagoon Rancheria (Big Lagoon on the Tribe) opposes the State's motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES the State's motion.

BACKGROUND

Because the Court's Order of November 22, 2010 sufficiently details the circumstances of this case, the Court focuses only on those facts relevant to current motion.

Over the past several years, Big Lagoon and the State have engaged in negotiations for a tribal-state compact that would permit the Tribe to conduct class III gaming. On November 22, 2010, the Court concluded that the State failed to negotiate in good faith and, accordingly, the Court granted the Tribe's motion for summary judgment and denied the State's cross-motion for summary judgment. The parties were thereby ordered to begin, but not complete, the remedial procedures set forth in the Indian Gaming Regulatory Act (IGRA). See generally 25 U.S.C.

§ 2710(d)(7)(B)(iii)-(vii). In particular, the parties were ordered to conclude a compact within sixty days of the Court's order. The Order provided that, if they were not able to do so, the parties were to submit their preferred compacts to the Court, along with a joint proposal for the mediator to be appointed under 25 U.S.C. § 2710(d)(7)(B)(iv). If the parties could not agree on a mediator, they were directed to file separate proposals. The Order did not instruct the parties to take any further action.

On December 9, 2010, the State filed a notice of its appeal of the Court's November 22 Order.[1] The same day, the State filed the current motion to stay the Court's order. The State apparently has refused to engage in the process ordered by the Court.

## DISCUSSION

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, ___ U.S. ___, 129 S. Ct. 1749, 1760 (2009) (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the

---

[1] It is not clear that the November 22 Order is appealable. In Rincon Band of Luiseño Mission Indians v. Schwarzenegger, the Ninth Circuit initially questioned its jurisdiction over the State's appeal of the district court's summary judgment order, and directed the State to show cause why its appeal should not be dismissed for lack of jurisdiction. See June 17, 2008 9th Cir. Order to Show Cause, Rincon, No. 3:04-cv-01151-WMC (S.D. Cal.). Thereafter, the district court issued an order, stating that all claims in the action had been adjudicated. Order of Jul. 1, 2008, Rincon, No. 3:04-cv-01151-WMC (S.D. Cal.). The Ninth Circuit thereby discharged its order to show cause. Here, judgment has not entered and, as explained below, there are issues remaining to be resolved. Section 1291 of title 28 of the United States Code provides appellate review of "final decisions of district courts." "A 'final decisio[n]' is typically one 'by which a district court disassociates itself from a case.'" Mohawk Indus., Inc. v. Carpenter, ___ U.S. ___, 130 S. Ct. 599, 604-05 (2009) (quoting Swint v. Chambers Cnty. Comm'n, 514 U.S. 32, 42 (1995)).

propriety of its issue is dependent upon the circumstances of the particular case." Id. (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id.

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest."[2] Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); see also Perry v. Schwarzenegger, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010). The first two factors of this standard "are the most critical." Nken, 129 S. Ct. at 1761. Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest. Id. at 1762.

The State offers three reasons to argue that it is likely to prevail on appeal: (1) the Court erred by not permitting the State to conduct discovery into the legal status of the Tribe and its lands; (2) the Court erred in following the Ninth Circuit's decision in Rincon, 602 F.3d 1019 (9th Cir. 2010); and (3) the Court misapplied Rincon by requiring the State to offer meaningful

---

[2] An alternative to this standard is the "substantial questions" test, which requires the moving party to demonstrate "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff," along with a "likelihood of irreparable injury." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted); see also Golden Gate Rest. Ass'n v. City & Cnty. of S.F., 512 F.3d 1112, 1116 (9th Cir. 2008). However, as explained below, because the State does not demonstrate that it is likely to suffer irreparable harm at this time, the Court need not evaluate the State's request under this test.

3

concessions to obtain environmental protections and, even if such concessions were required, the State offered them. In making these arguments, however, the State largely restates points it raised at summary judgment. Thus, for the reasons set forth in the Court's November 22 Order, the State does not make a strong showing with respect to its likelihood of success on appeal.

The State asserts that it will face a likelihood of irreparable harm because it will be forced "to choose between offering compact proposals to Big Lagoon that do not serve the best interests of the people of California . . . or to decline to make any proposals whatsoever and suffer the prospect that the Secretary [of the Interior] will unilaterally impose procedures on the State that suit Big Lagoon's exclusive interests." Mot. 11. The State is not currently faced with this choice. This argument suggests only a possibility of future harm, which is not sufficient to justify staying the Court's order. Nken, 129 S. Ct. at 1761; Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (stating that, in the analogous context of seeking a preliminary injunction, a party "must establish that irreparable harm is likely, not just possible") (emphasis in original). As noted above, the Court's Order only requires the parties to conclude a compact within sixty days and, if they fail to do so, to submit their competing compacts to the Court with a joint proposal, if possible, for a mediator. At this time, the parties have not negotiated for sixty additional days, nor formulated their competing proposals. Nor have they proposed a mediator or been

4

ordered to submit any proposals to him or her.[3]

During the sixty-day process, the State shall negotiate with the Tribe and may agree, under protest, to a compact. If the parties conclude such a compact, the State, if it so chooses, may then renew its motion to stay. If the parties cannot agree, the parties shall submit their proposals to the Court, along with their joint or separate proposals for a court-appointed mediator. Again, the State's proposal will be deemed to be submitted under protest. Once the mediator's decision has been made, the State, if it so chooses, may renew its motion to stay. Because the Court has ordered only limited relief and because the State may renew its motion to stay at a later date, the harm of which the State complains remains speculative. The State offers no evidence or argument to show that it is likely to suffer irreparable harm based on the November 22 Order, which only directs the parties to continue their negotiations.

The State has not made a strong showing that it is likely to succeed on the merits, nor has it demonstrated that it is likely to suffer irreparable harm. Accordingly, the Court need not consider the harm to the Tribe and where the public interest lies. See Mount Graham Coal. v. Thomas, 89 F.3d 554, 558 (9th Cir. 1996).

## CONCLUSION

For the foregoing reasons, the Court DENIES the State's motion

---

[3] Because the State apparently has not engaged in negotiations with the Tribe, no issue is raised by the recent change in the governorship. As stated below, the Court grants the parties an additional sixty days from the date of this Order to comply with its November 22 Order, which affords the newly-inaugurated governor an opportunity to formulate and express his position.

5

to stay the Court's November 22, 2010 Order pending its appeal. (Docket No. 102.) Accordingly, unless the State obtains a stay from the Ninth Circuit, the parties shall negotiate to conclude a compact within sixty days of the date of this Order. If they fail to do so, thirty days after the expiration of the sixty-day period, Big Lagoon and the State shall submit their preferred compacts to the Court, along with a joint proposal for a mediator. If the parties cannot agree on a mediator, they shall file separate proposals.

    The further case management conference, currently set for March 8, 2011, is continued to May 10, 2011 at 2:00 p.m.

    IT IS SO ORDERED.

Dated: 1/27/2011

CLAUDIA WILKEN
United States District Judge