**United States District Court**
For the Northern District of California

1          IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4   BIG LAGOON RANCHERIA, a Federally           No. C 09-1471 CW
    Recognized Indian Tribe,
5                                               ORDER DENYING
              Plaintiff,                        DEFENDANT'S MOTION
6                                               FOR LEAVE TO FILE
         v.                                     A MOTION TO VACATE
7                                               THE MEDIATOR'S
    STATE OF CALIFORNIA,                        ORDER SELECTING A
8                                               COMPACT, DIRECTING
              Defendant.                        ENTRY OF JUDGMENT
9                                               AND GRANTING
    _____/          DEFENDANT'S MOTION
10                                              TO STAY PENDING
                                                APPEAL
11                                              (Docket Nos. 139
                                                and 140)
12

13        Defendant State of California seeks leave to file a motion to

14   vacate the Mediator's order selecting a compact or, in the

15   alternative, to stay these proceedings pending the completion of

16   the parties' cross-appeals of the Court's November 22, 2010 order

17   granting the motion of Plaintiff Big Lagoon Rancheria (Big Lagoon

18   or the Tribe) for summary judgment and denying Defendant's cross-

19   motion for summary judgment.  Big Lagoon opposes both motions.

20   The Court took the State's motions under submission on the papers.

21   Having considered the arguments in the parties' papers, the Court

22   DENIES the State's motion for leave to file an order to vacate the

23   Mediator's order selecting a compact and GRANTS the State's motion

24   to stay pending appeal.

25

26

27

28

United States District Court
For the Northern District of California

BACKGROUND

Because the background of this case is explained in detail in the Court's November 22, 2010 Order, it will not be repeated here in its entirety.  The Court recounts only those facts relevant to the current motions.

On April 3, 2009, the Tribe filed the instant lawsuit, alleging that the State failed to negotiate in good faith in violation of the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. §§ 2701, et seq., for a tribal-state compact between the parties that would permit the Tribe to conduct class III gaming.

On November 22, 2010, the Court concluded that the State failed to negotiate in good faith and, accordingly, granted the Tribe's motion for summary judgment and denied the State's cross-motion for summary judgment.  The parties were thereby ordered to begin, but not complete, the remedial procedures set forth in IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii).  In particular, the parties were ordered to conclude a compact within sixty days of the Court's order and, if they were unable to do so, to submit their preferred compacts to the Court, along with a joint proposal for a mediator to be appointed under 25 U.S.C. § 2710(d)(7)(B)(iv).

On December 9, 2010, the State filed a notice of its appeal of the Court's November 22, 2010 Summary Judgment Order and its first motion to stay that Order.  On January 27, 2011, this Court denied the State's motion to stay, finding that the State had not

2

1  made a strong showing that it was likely to succeed on appeal or

2  to suffer irreparable harm.

3      On February 3, 2011, the State filed in the Ninth Circuit

4  Court of Appeals an emergency motion to stay further proceedings

5  in this Court.  On February 22, 2011, the Ninth Circuit denied the

6  State's emergency motion.

7      The parties subsequently represented to the Court that they

8  were not able to conclude a compact and, on April 27, 2010, the

9  parties each lodged with the Court proposed compacts and proposals

10 for an IGRA mediator.

11     On May 4, 2011, the Court appointed the Honorable Eugene F.

12 Lynch (Ret.) of JAMS as the Mediator pursuant to 25 U.S.C.

13 § 2710(d)(7)(B)(iv).  The Court stated that "Judge Lynch 'shall

14 select from the two proposed compacts the one which best comports

15 with the terms of [IGRA] and any other applicable Federal law and

16 with the findings and order of' this Court."  May 4, 2011 Order,

17 at 2 (quoting 25 U.S.C. § 2710(d)(7)(B)(iv)).  The Court further

18 directed, "Once he decides, Judge Lynch shall submit to the State

19 and the Tribe the compact he selected, id. § 2710(d)(7)(B)(v), and

20 inform the Court of his selection."  The Court ordered that, if

21 the State did not consent to the compact Judge Lynch selected in

22 the sixty-day period after he made his selection, "the parties

23 shall immediately inform the Court and the State may renew its

24 motion to . . . stay the proceedings in this case; no further

25 action shall be taken without a further order of the Court."  Id.

On September 27, 2011, after both parties provided him with extensive briefing and oral argument, Judge Lynch selected Big Lagoon's proposed compact as the one that best met the Court's direction.  See Order Regarding Mediator's Selection of Appropriate Compact.

After the parties represented to the Court that the State would not consent to the compact within the sixty-day period provided by 25 U.S.C. § 2710(d)(7)(B)(vi) and that it intended to renew its motion for a stay of proceedings, the Court directed the State to file its renewed motion for a stay of proceedings by November 23, 2011.

On November 23, 2011, the State filed its renewed motion to stay proceedings pending the resolution of its appeal of the Court's Summary Judgment Order.  At that time, the State also filed a separate motion seeking leave to file a motion to vacate Judge Lynch's September 27, 2011 Order selecting a compact.

DISCUSSION

I.   The State's Motion for Leave to File a Motion to Vacate the Mediator's Order Selecting a Compact

The State seeks leave to file a motion to vacate the Mediator's order selecting a compact "in accordance with the Court's inherent authority to control proceedings over which it has jurisdiction."  Mot. at 1.  The State asks this Court to "render its own decision consistent with its previous findings and orders in this case."  Id. at 7.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In enacting IGRA in 1988, Congress created a statutory
framework for the operation and regulation of gaming by Indian
tribes.  See 25 U.S.C. § 2702.  IGRA provides that Indian tribes
may conduct certain gaming activities only if authorized pursuant
to a valid compact between the tribe and the state in which the
gaming activities are located.  See id. § 710(d)(1)(C).  If an
Indian tribe requests that a state negotiate over gaming
activities that are permitted within that state, the state is
required to negotiate in good faith toward the formation of a
compact that governs the proposed gaming activities.  See id.
§ 2710(d)(3)(A); Rumsey Indian Rancheria of Wintun Indians v.
Wilson, 64 F.3d 1250, 1256-58 (9th Cir. 1994), amended on denial
of reh'g by 99 F.3d 321 (9th Cir. 1996).  Tribes may bring suit in
federal court against a state that fails to negotiate in good
faith, in order to compel performance of that duty, see 25 U.S.C.
§ 2710(d)(7), but only if the state consents to such suit.  See
Seminole Tribe v. Florida, 517 U.S. 44 (1996).  The State of
California has consented to such suits.  See Cal. Gov't Code
§ 98005; Hotel Employees & Rest. Employees Int'l Union v. Davis,
21 Cal. 4th 585, 615 (1999).  If the district court concludes that
the state failed to negotiate in good faith, it "shall order the
State and Indian Tribe to conclude such a compact within a 60-day
period."  Id. § 2710(d)(7)(B)(iii).  If no compact is entered into
within the next sixty days, the Indian tribe and the state must
then each submit to a court-appointed mediator a proposed compact

**United States District Court**
For the Northern District of California

that represents their last best offer.  See id.
§ 2710(d)(7)(B)(iv).  The mediator chooses the proposed compact
that "best comports with the terms of [IGRA] and any other
applicable Federal law and with the findings and order of the
court."  See id.  If, within the next sixty days, the state does
not consent to the compact selected by the mediator, the mediator
notifies the Secretary of the Interior, who then prescribes, in
consultation with the Indian tribe, procedures under which class
III gaming may be conducted which are consistent with the compact
selected by the mediator, the provisions of IGRA, and the relevant
provisions of the laws of the State.  See id.
§ 2710(d)(7)(B)(vii).

Thereafter, the Court no longer has jurisdiction to consider
further disputes regarding the process, unless the Secretary of
the Interior initiates a further cause of action.  Id. §
2710(d)(7)(A)(iii).  IGRA does not contain any express
authorization for the Court to review the Mediator's selection of
a compact, and the State does not provide any legal authority to
support the Court's jurisdiction to do so.  Instead, under the
procedures created by Congress, the Secretary of the Interior is
required to create procedures under which class III gaming may be
conducted that are consistent with that compact, IGRA, and any
relevant provisions of California law.

The State's arguments are largely predicated on an
understanding that, in selecting a compact, the Mediator was

carrying out duties created by this Court's order, which the State

alleges that he violated.  However, the Court merely appointed him

as the Mediator pursuant to 25 U.S.C. § 2710(d)(7)(B)(iv).  His

duties as the court-appointed Mediator were not determined by the

Court; they were instead set by Congress and codified in statutory

language, which this Court quoted in its order.  See May 4, 2011

Order, at 2.  If the Mediator had not selected a compact at all,

the Court could order him to carry out the non-discretionary duty

to do so; however, the Court does not have the authority to

second-guess his selection of a compact.

The State also premises its arguments on the fact that the

Court has retained some amount of jurisdiction over this matter,

largely based on the language of the January 27, 2011 Order

denying the State's motion to stay.  In that Order, the Court

questioned whether the summary judgment order was appealable,

because "there are issues remaining to be resolved."  January 27,

2011 Order, at 2 n.1.  At that time, the parties had not

negotiated for sixty additional days, formulated their competing

proposals, proposed a mediator or been ordered to submit proposals

to him or her, and the Court had not selected or appointed a

mediator.  Id. at 4-5.  Thus, at that point, there were still

matters that IGRA required this Court to address.  Now, however,

the Court has taken all actions over which it has jurisdiction and

may only choose whether to stay its Order and thus temporarily

suspend the IGRA remedial proceedings or order that the IGRA

7

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

procedures continue.  While the order appointing the Mediator

disallowed "further action" if the State did not consent to the

mediator-selected compact "without a further order of the Court,"

May 4, 2011 Order at 2, this was to allow the State an opportunity

to renew its motion to stay prior to notification of the Secretary

of the Interior.  The Court did not purport to "retain

jurisdiction" to review the Mediator's selection of a compact, as

the State suggests.

While the State cites a number of decisions that uphold the

inherent power of a court to take certain actions to control its

docket, the State cites no cases that suggest that it is within

this Court's inherent power to review and vacate the order issued

by the Mediator in furtherance of his statutorily-mandated duties,

in the absence of any statutory or other authorization.  While a

federal court's inherent power "encompasses the power to issue

orders necessary to facilitate activity authorized by statute or

rule," it "may not take action under the guise of its inherent

power when that action either contravenes a statute or rule or

unnecessarily enlarges the court's authority."  In re Novak, 932

F.2d 1397, 1406 & n.17 (11th Cir. 1991) (finding that a court can

utilize its inherent power to fulfill the objectives of Federal

Rule of Civil Procedure 16 by requiring defendant's insurer to

appear at a settlement conference).

The State also suggests that IGRA mediation is the equivalent

of arbitration, because the IGRA mediator is statutorily required

**United States District Court**
For the Northern District of California

to engage in evaluative mediation and to "select [the better of] the two proposed compacts" rather than to engage in facilitative mediation and help the parties come to an agreement; the State argues that the Mediator's order should be subject to review similar to that of arbitration proceedings.  However, there is no indication in IGRA that Congress intended for the process to be so reviewed, and the State provides no case law that supports its argument.

Further, even if they were equivalent, the cases that the State presents do not support its argument that this Court has the inherent authority to review the Mediator's selection.  In both <u>In re Y & A Group Securities Litigation</u>, 38 F.3d 380 (8th Cir. 1994), and <u>Kelly v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 985 F.2d 1067 (11th Cir. 1993), a district court had entered judgment on an issue that was later raised again in arbitration proceedings.  In those cases, the courts found that the All-Writs Act allowed them to enjoin or stay these later arbitration proceedings, not that they had inherent authority to vacate or review past arbitration decisions.  <u>In re Y & A Group Sec. Litig.</u>, 38 F.3d at 382-383; <u>Kelly</u>, 985 F.2d at 1068-1070.  Similarly, the cases that the State cites to argue that arbitration proceedings do not preclude a judicial determination here are readily distinguishable for many reasons.  First, unlike the dispute here, each of those cases dealt with an "employee's claim . . . based on rights arising out of a statute designed to provide minimum substantive guarantees to

9

United States District Court
For the Northern District of California

individual workers."  Barrentine v. Arkansas-Best Freight Sys.,

450 U.S. 728, 737 (1981) (holding that courts should not give

preclusive effect to a grievance arbitration in a suit under the

Fair Labor Standards Act); see also McDonald v. City of West

Branch, 466 U.S. 284, 290-91 (1984) (holding that courts should

not give preclusive effect to an arbitration pursuant to a

collective bargaining agreement (CBA) in a civil rights suit under

42 U.S.C. § 1983); Alexander v. Gardner-Denver Co., 415 U.S. 36,

59-60 (1974) (holding that courts should not give preclusive

effect to a CBA arbitration in a suit under Title VII).  Further,

the courts found that Congress had intended for those statutes to

be judicially enforceable because the statutes created a cause of

action for their enforcement.  See, e.g., McDonald, 466 U.S. at

290.  Here, while the statute expressly created certain causes of

action and gave the district courts jurisdiction over them, see 25

U.S.C. § 2710(d)(7)(A)(i)-(iii), the statute did not create a

cause of action for the State to litigate the Mediator's choice of

a compact.

     Accordingly, the Court DENIES the State's motion for leave to

file a motion to vacate the Mediator's order selecting a compact.

Even if the State were permitted to file such a motion, the Court

notes that the Mediator was not required to explain his selection

of a compact and his selection of a compact was not irrational,

beyond his powers as set forth in IGRA, or made in violation of

the statutorily-mandated criteria.

II.   The State's Motion for a Stay Pending Appeal

The State alternatively seeks a stay of proceedings pending appeal of the November 22, 2010 summary judgment order.

"'A stay is not a matter of right, even if irreparable injury might otherwise result.'"  Nken v. Holder, 129 S. Ct. 1749, 1760 (2009) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)).  Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case."  Id. (citation and internal quotation and alteration marks omitted).  The party seeking a stay bears the burden of justifying the exercise of that discretion. Id.

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip[s] in his favor, and that a stay is in the public interest."  Humane Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); see also Perry v. Schwarzenegger, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010).  The first two factors of this test "are the most critical."  Nken, 129 S. Ct. at 1761.  Once these factors are satisfied, courts then assess "the harm to the opposing party" and weigh the public interest.  Id. at 1762.

An alternative to this standard is the "substantial questions" test, which requires the moving party to demonstrate "serious questions going to the merits and a hardship balance that

11

**United States District Court**
For the Northern District of California

tips sharply towards the plaintiff," along with a "likelihood of

irreparable injury" and that it is "in the public interest."

Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053

(9th Cir. 2010) (internal quotation marks omitted); see also

Golden Gate Rest. Ass'n v. City & Cnty. of S.F., 512 F.3d 1112,

1116 (9th Cir. 2008).

As in its first motion to stay, the State offers three

arguments that it is likely to prevail on appeal: (1) the Court

erred by not permitting the State to conduct discovery into the

legal status of the Tribe and its lands; (2) the Court erred in

following the Ninth Circuit's decision in Rincon Band of Luiseno

Mission Indians v. Schwarzenegger, 602 F.3d 1019 (9th Cir. 2010);

and (3) the Court misapplied Rincon by requiring the State to

offer meaningful concessions to obtain environmental protections

and, even if such concessions were required, the State offered

them.  In making these arguments, the State largely restates

points it raised at summary judgment.  Thus, for the reasons set

forth in the Court's November 22, 2010 Order, the State has not

shown that it is likely to succeed on the merits.  However, the

Court finds that the State has raised serious questions going to

the merits of the case.

The State argues that it will be irreparably harmed without a

stay, because the Secretary of the Interior could issue procedures

through which class III gaming may be conducted, prior to the time

that the appeal is concluded, which do not contain the

**United States District Court**
For the Northern District of California

1  environmental requirements that the State seeks.  Given the length

2  of time that it may take for the State's appeal to become final,

3  it is reasonably likely that the Secretary will promulgate

4  procedures prior to that time.  Further, because of the Mediator's

5  selection, it is reasonably likely that the Secretary's procedures

6  will not contain the State's desired environmental regulations.

7  As the State argues, this could render the pending appeal moot,

8  because there is nothing that would require the Secretary to

9  conform his procedures to a subsequent appellate decision or to

10  vacate the procedures if this Court's bad faith finding were

11  reversed.  Courts have previously found that the loss of the right

12  to appeal constitutes irreparable harm.  See Gonzalez v. Reno,

13  2000 U.S. App. LEXIS 7025, at *1 (11th Cir.); Population Inst. v.

14  McPherson, 797 F.2d 1062, 1081 (D.C. Cir. 1986).  As the State

15  contends, if the Tribe builds its casino and hotel pursuant to

16  whatever procedures the Secretary promulgates, significant damage

17  could occur on "adjacent, environmentally sensitive state lands .

18  . . irreversible damage that no judicial action could remedy,

19  particularly where Big Lagoon's sovereign immunity would prevent

20  the State from recovering damages."  Mot. at 16.  The harm that

21  the State stands to suffer could be irreparable if the IGRA

22  remedial process continues past this point prior to the conclusion

23  of the pending appeal.  See Kansas v. United States, 249 F.3d

24  1213, 1227-1228 (10th Cir. 2001).

**United States District Court**
For the Northern District of California

1    While this Court previously found that harm to the State was

2  speculative, the Court did so with the recognition that the

3  situation would be different once the parties had progressed

4  further into the IGRA remedial process and the Mediator had

5  selected the better compact.  The State interests and the

6  realistic possibility of harm thereto outweigh the potential harm

7  to Big Lagoon of delayed construction and revenue from the Class

8  III casino that it may eventually be permitted to build.

9

10    The Court also finds that a stay is in the public interest.

11  Big Lagoon appears to argue, without any supporting authority,

12  that the only public interests relevant to this inquiry are those

13  that can be located in the text of IGRA itself.  Based on that,

14  the Tribe argues that the paramount "public interest" is

15  "promoting tribal economic development, self-sufficiency and

16  strong tribal government."  Opp. at 18.  However, Big Lagoon

17  conflates tribal interest with public interest.  In this case, the

18  public interest favors delaying the promulgation of Secretarial

19  procedures pending final resolution of the question of whether the

20

21  State negotiated in good faith, in light of the potential

22  irreversible impact on the environmentally sensitive lands should

23  a stay not be entered.

24    Accordingly, the Court GRANTS the State's motion to stay its

25  November 22, 2010 order granting Plaintiff summary judgment,

26  pending final disposition of the parties' cross-appeals of that

27  order.

28

14

United States District Court
For the Northern District of California

III. Big Lagoon's Requests for Attorneys' Fees

Big Lagoon seeks an award of attorneys' fees to compensate for the expenses it incurred in opposing both motions.

It has long been recognized that "in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel, even though the so-called American Rule prohibits fee shifting in most cases." Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991) (internal citations and quotations omitted). "One such circumstance is that a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975)). See also Hutto v. Finney, 437 U.S. 678, 690 n.14 (1978) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."). "Generally, an allowance because of bad faith is based on conduct which occurs during the course of the litigation and may fairly be characterized as redressing the 'insult added to injury.'" Straub v. Vaisman & Co., 540 F.2d 591, 600 (3d Cir. 1976) (collecting cases).

The Court finds that Big Lagoon has not persuasively argued that the State acted in bad faith, vexatiously, wantonly, or for oppressive reasons in filing these motions. The Court expressly granted the State permission to file its motion to stay and found

15

1  the State's motion meritorious.  Further, there is no evidence

2  that the State acted improperly in merely seeking leave to file a

3  motion to vacate the Mediator's order, particularly since Big

4  Lagoon identified no other instance in which a court previously

5  addressed the question the State presented.

6       Accordingly, the Court DENIES Big Lagoon's requests for

7  attorneys' fees.

8  CONCLUSION

9

10       For the reasons set forth, the Court DENIES the State's

11  motion for leave to file a motion to vacate the Mediator's order

12  selecting a compact (Docket No. 139).  Because the Court finds

13  that all outstanding issues before it have been resolved, the

14  Clerk will enter judgment in favor of the Tribe, in accordance

15  with the Court's November 22, 2010 order.  Finally, the Court

16  GRANTS the State's motion to stay its November 22, 2010 order

17  pending final resolution of the parties' cross-appeals of that

18  order (Docket No. 140).

19

20       IT IS SO ORDERED.

21

22

Dated: 2/1/2012

23                             CLAUDIA WILKEN
                           United States District Judge

24

25

26

27

28

16

*United States District Court*
*For the Northern District of California*